UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MICHAEL AND WENDY MALTBA,<br><br>   Plaintiffs,<br><br>vs.<br><br>ALLSTATE TEXAS LLOYD'S, SAMUEL BOLLING, WILLIAM CARROLL and JESSICA KROMM,<br><br>   Defendants | CIVIL ACTION NO.<br>1:21-cv-00307 |

**DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendants give notice and remove this action from the 128th District Court, Orange County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, and in support thereof would show the Court the following:

**I. BACKGROUND**

1. On May 17, 2021, Michael and Wendy Maltba (hereinafter referred to as "Plaintiffs") filed Plaintiffs' Original Petition (hereinafter referred to as the "Petition") in Orange County, Texas, under *Cause No. A210211-C; Michael Maltba and Wendy Maltba v. Allstate Texas Lloyds, Samuel Bolling, William Carroll, and Jessica Kromm; In the 128th District Court, Orange County, Texas* (hereinafter referred to as the "State Court Action").

2. Plaintiffs' claims for breach of contract, bad faith, and breach of the Texas Insurance Code relate to alleged damage from Hurricane Laura on or about August 27, 2020 to real property located at 2704 Bear Trail, Orange, Texas.

1

3. This Notice of Removal is being filed within one year of commencement of this action, and within thirty days of service.

## II. PROCEDURAL REQUIREMENTS

4. Venue is proper in the United States District Court for the Eastern District of Texas, Beaumont Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *see also* 28 USC §124(b)(2).

5. Pursuant to the Local Rules, attached hereto as **Exhibit A** is an Index of Matters. Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibits B, and C**, and incorporated by reference is a true and correct copy of the docket sheet and all documents of record in the State Court Action including all pleadings and orders served.

6. Simultaneously with the filing of this Notice of Removal, Defendants are filing notice of the removal in the State Court Action pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit D**, and will provide written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. §1446(a).

7. Furthermore, included in this filing are Defendants' Disclosure Statement and Certificate of Interested Parties pursuant to Rule 7.1 of the Federal Rules of Civil Procedure (**Exhibit E),** and a List of All Counsel of Record (**Exhibit F**).

## III. BASIS FOR REMOVAL

8. Removal is proper in this case due to complete diversity of the parties. This Court has diversity jurisdiction under 28 U.S.C. §§1332(a). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

### A.  Diversity of the Parties

9. Plaintiffs are and were at the time the lawsuit was filed, natural persons and residents of Orange County in the State of Texas and thus, citizens of the State of Texas. *See* Plaintiffs' Original Petition ¶ 9. Upon information and belief, Plaintiffs intend to continue residing in Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

10. Defendant, Allstate Texas Lloyds, is an Illinois corporation with its principal place of business in Illinois, and is a citizen of the State of Illinois for diversity purposes.

11. Defendants Samuel Bolling, William Carroll, and Jessica Kromm are all residents of states other than Texas. (**Exhibit I**).

12. All parties are therefore diverse for purposes of removal.

### B.  Amount in Controversy

13. In determining the amount in controversy, the court may consider "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. 3:98- CV-1288-G, 1999 WL 151667 at * 2-3 (N.D. Tex. 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant

in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

14. The Court may also consider correspondence between the parties, including responses to disclosure and pre-suit settlement demands to determine the amount in controversy. *St. Paul Reinsurance Co.*, 134 F.3d at 1254 (examining the plaintiffs' pre-complaint demand letters to determine whether a claim for declaratory relief satisfied the requisite amount in controversy); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount); see also *King v. Ameriprise Fin. Servs., Inc.*, No. C-09-112, 2009 WL 1767641 at *4 (S.D. Tex. 2009) (calling a pre-suit settlement letter relevant evidence of the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim).

15. The amount in controversy in this case exceeds $75,000.00. The suit arises out of the processing of Plaintiffs' insurance claim under a home insurance policy issued by Defendant Allstate.

16. In Plaintiffs' 542A demand, Plaintiffs demanded $153,22075 (**Exhibit G**). Accordingly, on the face of the pleadings, the actual amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants remove the State Court Action from the 128th District Court, Orange County, Texas to the United States District Court for the Eastern District of Texas, Beaumont Division, and respectfully ask this Court to accept jurisdiction of this matter.

Respectfully submitted,

LISA CHASTAIN & ASSOCIATES

**KIMBERLY N. BLUM**
TBN: 24092148
811 Louisiana, Suite 2400
Beaumont, TX 77002
BeaumontLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in compliance with the Federal Rules of Civil Procedure on this day of June 16, 2021.

John Pat Parsons
LINDSAY, LINDSAY & PARSONS
710 N. 11th Street
Beaumont, Texas 77702
(409) 833-1196
(409) 832-7040 (Fax)
jparsons@llptx.com

ATTORNEY FOR PLAINTIFFS

**KIMBERLY BLUM**

5